UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTONIO ROJAS-ORTEGA,

        Petitioner,

v.                                            Case No. 5:04-cv-145-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____

**ORDER OF DISMISSAL**

        This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging his 1991 guilty-plea convictions and sentences for controlled-substance offenses and a firearms offense imposed in the United States District Court for the Southern District of Florida.

        In the Petition, the Petitioner attacks the validity of his convictions and sentences rather than the means of execution. Petitioner contends that his guilty plea was involuntary and that he is entitled to relief in accordance with <u>Bailey v. United States</u>.[1] Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in October 1996 in the sentencing court. Thus, it is clear that Petitioner is now

---

[1] 516 U.S. 137, 116 S.Ct. 501 (1995) (finding that the "use" prong of § 924(c) requires a showing of the active employment of a firearm).

pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). In <u>Wofford</u>, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

<u>Id</u>. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open

the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Even assuming that Petitioner has established the first two prongs of Wofford, Petitioner's Bailey claim was clearly available at the time of his first § 2255 motion. Bailey was decided in December 1995 and Petitioner sought relief under § 2255 in October 1996. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."[2]

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

UNITED STATES DISTRICT JUDGE

c: Antonio Rojas-Ortega

---

[2] Wofford, 177 F.3d at 1236.

3